# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| NANCY STERLING, and | ) | |
| RICHARD STERLING, | ) | |
| wife and husband, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ROBERT C. NIELSEN, D.O., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LAKE REGIONAL HEALTH | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COME NOW Plaintiffs Nancy Sterling and Richard Sterling, as wife and husband, by and though their attorney Daniel C. Mizell and for their cause of action, hereby states and alleges as follows:

## JURISDICTION

1.      Jurisdiction is conferred by *42 U.S.C § 233(a),* which provides for original jurisdiction of this Court in suits authorized by *28 U.S.C. § 1346(b)* and *2672*, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same

subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

2.     Defendant Robert C. Nielsen, D.O., is an employee of Richland Medical Centers, Inc, d/b/a Central Ozarks Medical Center, a federally supported health center. In that capacity, defendant Robert C. Nielsen, D.O., has been deemed to be a "federal employee" of the Public Health Service ("PHS"), an agency of the United States of America, by the Department of Health and Human Services ("HHS") pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA or the Act"), *42 U.S.C. § 233 (g)-(n)*.

    a)  Section 233(a) of the Act provides liability protection under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672 *et seq.*, for damages for personal injury, including death, resulting from the performance of medical, surgical, dental and related functions. Coverage under the FTCA is exclusive of any other civil action or proceeding.

3.     Plaintiffs further invoke the supplemental jurisdiction of this court to hear and decide claims arising under state law. *28 U.S.C. § 1367.*

4.     Plaintiffs' action for damages is authorized by:

    a)  *42 U.S.C § 233(a)*, which provides damages for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigations, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

b) Other causes of action, either under federal or state law, which are unknown to the Plaintiffs at this time but may be ascertained by discovery and asserted at a later time; and

c) *42 U.S.C § 1988,* which authorizes Plaintiffs' application for attorneys' fees and provides that Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of *42 U.S.C. § 233(a).*

## PARTIES

5.     Plaintiff Nancy Sterling is a resident of Cole County, Missouri and was at all times material a resident of Cole County, Missouri.

6.     Plaintiff Richard Sterling is a resident of Cole County, Missouri and was at all times material a resident of Cole County, Missouri.

7.     Plaintiffs are lawfully married.

8.     Defendant Robert C. Nielsen, D.O., is a licensed Missouri doctor of osteopathic medicine and can be served with process at Central Ozarks Medical Center at the Lake, 3870 Columbia Avenue, Osage Beach, Camden County, Missouri.

9.     Defendant Lake Regional Health System is a Missouri non-profit corporation in good standing with authority to conduct business in the State of Missouri.

10.     Defendant Lake Regional Health System can be served with process by serving its registered agent Michael E. Henze, 54 Hospital Drive, Osage Beach, Camden County, Missouri.

## FACTS COMMON TO ALL COUNTS

11.     The facts that give rise to this cause of action arose while Plaintiff Nancy Sterling was a patient of both Defendant Robert C. Nielsen, D.O. and Defendant Lake Regional Health System.

12.     At all times mentioned in this Complaint, Defendants were engaged in the business of providing health care services to individuals.

13.     At all times mentioned in this Complaint, Plaintiff alleges that Defendant Lake Regional Health System employed various patient care technicians, nurses and other agents who were each employees of Defendant Lake Regional Health System and were assisting Robert C. Nielsen, D.O.

14.     At all times mentioned in this Complaint, the patient care technicians and other agents who were each employees of Defendant Lake Regional Health System professed and held themselves out to the public and to the Plaintiff Nancy Sterling, as being skilled, knowledgeable, careful and diligent.

15.     At all times herein mentioned and relevant, the patient care technicians and other agents who were each employees of Defendant Lake Regional Health System were acting in the scope of their employment.

16.     Defendant Lake Regional Health System is vicariously liable for the acts, omissions, negligence and breaches of duty committed by its employees.

17.     Defendant Robert C. Nielsen, D.O., at all times mentioned in this Complaint, professed and held himself out to the public and to the Plaintiff Nancy Sterling, as being skilled, knowledgeable, careful and diligent.

18.     On or about June 29, 2012 Plaintiff Nancy Sterling underwent a total abdominal hysterectomy at Lake Regional Health System and said total abdominal hysterectomy was performed by Robert C. Nielsen, D.O. and his various assistants, nurses and patient care technicians.

## COUNT I

### MEDICAL MALPRACTICE CLAIM AGAINST ROBERT C. NIELSEN, D.O.

COMES NOW Plaintiff Nancy Sterling, by and through her attorney Daniel C. Mizell, and for Count I of her cause of action against Defendant Robert C. Nielsen, D.O. states:

19.     That Plaintiff Nancy Sterling reincorporates by this reference the allegations set forth in Paragraphs One (1) through Eighteen (18) of this Complaint.

20.     That on June 29, 2012 Robert C. Nielsen, D.O., had a duty to provide the following care to the Plaintiff Nancy Sterling:

   a) to carefully engage in surgery according to the customs and practices of a reasonable and careful doctor of osteopathic medicine;

   b) to monitor Plaintiff Nancy Sterling's post-operative recovery, pain and use of pain medication;

   c) to communicate information to Plaintiff Nancy Sterling regarding Plaintiff Nancy Sterling's medical conditions and recovery;

   d) to provide care to Plaintiff Nancy Sterling that was consistent with the customs and practices of a licensed Missouri doctor of osteopathic medicine; and

   e) to prevent injury to Plaintiff Nancy Sterling.

21.     That on June 29, 2012 Robert C. Nielsen, D.O., breached each of his duties and obligations by:

   a) Lacerating Plaintiff's left ureter;

   b) Failing to inform Plaintiff that he lacerated Plaintiff's left ureter;

   c) Failing to immediately repair the left ureter when he had an opportunity to do so;

   d) Failing to monitor Plaintiff's conditions after the total abdominal hysterectomy;

e) Failing to perform the necessary tests to diagnose the problems causing Plaintiff's post-operative pain; and

f) Failing to perform surgery upon Plaintiff in accordance with the customs and practices of a licensed Missouri doctor of osteopathic medicine.

22.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s, breach of duty, carelessness and negligence taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered the following injuries:

a) Lacerated left ureter;

b) Left hydronephrosis;

c) Urinoma;

d) Yeast infection;

e) Fever;

f) Nausea;

g) Vomiting;

h) Severe and prolonged pain and discomfort;

i) Numerous follow-up operations; and,

j) Severe trauma.

23.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered intense and severe pain.

24.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling will suffer severe pain the future.

25.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling obtained additional medical services and treatment including but not limited to additional surgery.

26.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling incurred expenses for her additional medical services and treatment.

27.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling is reasonably certain to sustain additional medical expense and loss in the future.

28.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered scarring and disfigurement.

29.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling was not able to contribute to her household.

30.    As a direct and proximate result of Defendant Robert C. Nielsen, D.O.'s breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff will suffer additional lost household contributions and future economic damages.

WHEREFORE, Plaintiff Nancy Sterling requests a jury trial of this cause, judgment against Defendant Robert C. Nielsen, D.O., for an amount in excess of $25,000.00 which is fair and reasonable and fully compensates Plaintiff Nancy Sterling for her pain and suffering,

disfigurement, lost wages and medical expenses; economic damages; costs of this action; and such other and further relief as the court considers just and proper.

**COUNT II**

**MEDICAL MALPRACTICE CLAIM AGAINST LAKE REGIONAL HEALTH SYSTEM**

COMES NOW Plaintiff Nancy Sterling, by and through her attorney Daniel C. Mizell, and for Count II of her cause of action against Defendant Lake Regional Health System states:

31.    That Plaintiff Nancy Sterling reincorporates by this reference the allegations set forth in Paragraphs One (1) through Eighteen (18) of this Complaint.

32.    That on June 29, 2012 the patient care technicians, nurses and other agents who were each employees of Defendant Lake Regional Health System and who were assisting Robert C. Nielsen, D.O. had a duty to provide care to Plaintiff Nancy Sterling as follows:

a)   To provide vital information to Robert C. Nielsen, D.O. concerning Plaintiff Nancy Sterling's medical conditions; and

b)   To provide skilled care to Plaintiff Nancy Sterling.

33.    That on June 29, 2012 the patient care technicians and other agents who were each employees of Defendant Lake Regional Health System breached each of their duties and obligations by:

a)   Failing to communicate vital information to Robert C. Nielsen, D.O. concerning the injury to Plaintiff Nancy Sterling's left ureter.

b)   Failing to provide skilled care to Plaintiff Nancy Sterling.

34.    As a direct and proximate result of Defendant Lake Regional Health System's breach of duty, carelessness and negligence taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered the following injuries:

a) Lacerated left ureter;

b) Left hydronephrosis;

c) Urinoma;

d) Yeast infection;

e) Fever;

f) Nausea;

g) Vomiting;

h) Severe and prolonged pain and discomfort;

i) Numerous follow-up operations; and,

j) Severe trauma.

35.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered intense and severe pain.

36.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling will suffer severe pain the future.

37.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling obtained additional medical services and treatment including but not limited to additional surgery.

38.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling incurred expenses for her additional medical services and treatment.

39.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling is reasonably certain to sustain additional medical expense and loss in the future.

40.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling suffered scarring and disfigurement.

41.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff Nancy Sterling was not able to contribute to her household.

42.     As a direct and proximate result of Defendant Lake Regional Health System's breaches of duty, carelessness and negligence, taken singly or in combination of two or more, Plaintiff will suffer additional lost household contributions and future economic damages.

WHEREFORE, Plaintiff Nancy Sterling requests a jury trial of this cause, judgment against Defendant Lake Regional Health System for an amount in excess of $25,000.00 which is fair and reasonable and fully compensates Plaintiff Nancy Sterling for her pain and suffering, disfigurement, lost wages and medical expenses; economic damages; costs of this action; and such other and further relief as the court considers just and proper.

## COUNT III

## LOSS OF CONSORTIUM

COMES NOW Plaintiff Richard Sterling by and through his attorney of record Daniel C. Mizell, and for Count III of this Complaint against Defendants states:

43. That Plaintiff Richard Sterling reincorporates by this reference the allegations set forth in Paragraphs One (1) and through Paragraphs Eighteen (18) and Paragraphs Twenty (20) through Thirty (30) and Paragraphs Thirty-Two (32) through Paragraphs Forty-Two (42).

44. That as a direct and proximate result of the negligence of Defendants, taken jointly or severally, Plaintiff Richard Sterling suffered the loss of consortium, services, counsel, guidance, comfort, console, society, companionship and marital services of his wife, Nancy Sterling.

45. That as a direct and proximate result of the negligence of Defendants, taken jointly or severally, Plaintiff Richard Sterling lost wages while he cared for his wife during his wife's complete incapacity.

WHEREFORE, Plaintiff Richard Sterling requests a jury trial of this cause, judgment against Defendants Lake Regional Health System and Robert C. Nielsen, D.O., for an amount in excess of $25,000.00 which is fair and reasonable and fully compensates Plaintiff for his loss of consortium; interest as permitted by law; costs of this action; and such other and further relief as the court considers just and proper.

Daniel C. Mizell #46408
DEPUTY AND MIZELL, L.L.C.
Post Office Box 689
Lebanon, Missouri 65536
Telephone:     (417) 532-2191
Facsimile:      (417) 532-8077
E-mail:          dan@deputyandmizell.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system this 3rd day of December, 2015 to:

Edward C. Clausen
Newman, Comley & Ruth, P.C.
P.O. Box 537
Jefferson City, MO 65102
ATTORNEY FOR DEFENDANT
LAKE REGIONAL HEALTH SYSTEM


Christopher M. McHugh
Seigfreid Bingham, P.C.
2323 Grand Blvd., Suite 1000
Kansas City, MO 64108
ATTORNEY FOR DEFENDANT
ROBERT C. NIELSEN, D.O.


Jerry L. Short
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, MO 64106
ATTORNEY FOR THE UNITED STATES




Daniel C. Mizell